THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PIANTO, Appellant.

First Department, April 22, 1927.

Crimes — carrying concealed weapon in violation of Penal Law, § 1897 — defendant was police reservist not on active duty at time of arrest — right to carry revolver was withdrawn by police department regulations prior to arrest — defendant did not have right, under Greater New York Charter, § 308-b, or regulations of department, to carry revolver — defendant sentenced to one month in workhouse.

Defendant is charged with carrying a concealed weapon in violation of section 1897 of the Penal Law. His defense that he was, at the time of his arrest, a police reservist and entitled to carry a revolver cannot be sustained, since it appears that under section 308-b of the Greater New York Charter, relating to police reservists, the defendant, who was not on active duty, was not authorized to act as a police reservist under said statute or the regulations of the department, and since it further appears that any right that he had to carry a revolver was withdrawn by police regulations prior to his arrest.

Under the circumstances, a sentence of one month is sufficient, and the time intervening between defendant's conviction and the granting of a certificate of reasonable doubt, during which time he was imprisoned, should be credited upon his sentence.

FINCH and MERRELL, JJ., dissent, with memorandum.

APPEAL by the defendant, Joseph Pianto, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 21st day of June, 1926, convicting him of the crime of violating section 1897 of the Penal Law as a misdemeanor.

*Donald F. Ayres* for the appellant.

*Archibald Firestone, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

MARTIN, J.   The defendant was convicted on June 21, 1926, in the Court of Special Sessions of the City of New York of a violation of section 1897 of the Penal Law, in that he unlawfully possessed a firearm.   He was sentenced to serve three months in the workhouse.

Michael Palladino, the arresting officer, testified in part as follows: " Q. State the circumstances.   A. I had a complaint — Q. Never mind the complaint.   After you got the complaint what did you do?   A. About five forty-five I entered 185 Mulberry Street, the second floor rear; I knocked at the door —   Q. Of the afternoon or morning?   A. It was in the afternoon; five forty-five P. M.   I knocked at the door; this defendant responded from the inside, ' What do you want? '   I said, ' I want to see Grace.'   He said, ' Do you know her? '   I said, ' Yes.'   He opened the door and let me in.   He said, ' Sit down. '   I sat down.   He says, ' Take your coat off.'   I did.   He says, ' How long do you know this young lady? '   ' Oh,' I said, ' I know her for a long time.'   He said, ' She ain't in the house now, but I'll go out and get her for you.' "

When arrested the defendant exhibited his shield and stated to the police officer he was a police reservist.   Thereafter a conversation took place in which the officer informed the defendant that he was violating the law.   The character of defendant's employment is best shown by the testimony quoted above.

The officer testified that at the time of the arrest the defendant was not wearing a police reservist uniform; that he did not live in the premises where he was arrested and did reside at No. 38 Ellery street, Brooklyn, New York city.

The power to appoint police reservists by the police commissioner was first conferred by chapter 651 of the Laws of 1917, which is in part as follows: " An Act to authorize the police commissioner of the city of New York to appoint citizens to perform duty in the police department of said city *during the continuance of the state of war now existing.*"

By chapter 711 of the Laws of 1920, adding section 308-b to the Greater New York Charter (Laws of 1901, chap. 466), the right was continued and the police commissioner was thereby and by other sections of the act of 1920 given additional powers to establish a police reserve.   This act was in many respects similar to chapter 651 of the Laws of 1917 which authorized the police commissioner of the city of New York to appoint citizens to perform police duty during the continuance of the war.

By virtue of section 5 of the act of 1920, the police reservists so appointed were without power or authority unless ordered on

active duty by the police commissioner, at which time they were to have all the powers of a police officer and be subject to the rules and regulations of the police department. They were to serve without pay and not exceed 5,000 in number.

The defendant's right as a police reservist to carry a revolver was withdrawn by the police department's regulation issued December 22, 1925, several months before the arrest.

The statute which gave the police commissioner power to appoint, expressly provided that police reservists were to have the powers of a police officer only when ordered on active duty by the police commissioner. The defendant was not on active duty.

The police commissioner had no right after the war to continue the reservists except as limited by and in conformity with chapter 711 of the Laws of 1920, adding section 308-b to the Greater New York Charter and otherwise regulating the police reserve.

The defendant neither by virtue of the statute nor the rules of the department was authorized to act as a police reservist at the time or place he was arrested.

In our opinion, the conviction was proper. Under all the circumstances, however, we think a sentence of one month would have been sufficient, and that the time intervening between his conviction and the granting of a certificate of reasonable doubt, during which defendant was imprisoned, should be credited upon said sentence. As so modified the judgment should be affirmed.

DOWLING, P. J., and O'MALLEY, J., concur; FINCH and MERRELL, JJ., dissent.

FINCH, J. (dissenting). Defendant was charged with a violation of section 1897 of the Penal Law, which section makes it a crime to possess a pistol. The police reserve was created under the provisions of chapter 651 of the Laws of 1917 for service during the continuance of the existing war. Thereafter, by section 308-b of the Greater New York Charter (Laws of 1901, chap. 466, as added by Laws of 1920, chap. 711), it was expressly continued under the control and jurisdiction of the police commissioner. Defendant's appointment as a police reservist is not disputed and it is conceded that he had that status at the time of his arrest. As such police reservist he was a peace officer. Section 5 of chapter 711 of the Laws of 1920 served to amplify his powers when on active duty, but his status as a police reservist remained even when not ordered on active duty. Subdivision 13 of section 1897 of the Penal Law (as amd. by Laws of 1921, chap. 297) expressly exempts peace officers from its provisions. The police commissioner at one time permitted and later revoked his order to reservists to carry

pistols. Assuming that the revocation of the permit to reservists to carry pistols is tantamount to an order directing them not to carry pistols except when on duty, a failure to obey the police commissioner may have rendered the defendant liable to charges, but it did not make him guilty of violating section 1897 of the Penal Law, of which he has been convicted.

I, therefore, vote to reverse the judgment of conviction and discharge the defendant.

MERRELL, J., concurs.

Judgment modified by reducing sentence to one month, the time intervening between conviction and granting of certificate of reasonable doubt to be credited upon said sentence, and as so modified affirmed. Settle order on notice.