### (June 13, 1963)

In the Matter of the Arbitration between SAMUEL LANGER, Appellant, and HERMAN LIVERANT et al., Doing Business as HAF DIAMOND SALES, Respondents. [6023.] In the Matter of the Arbitration between SAMUEL LANGER, Appellant, and HERBERT GOLDBERG et al., Doing Business as H. GOLDBERG, Respondents. [6024.] In the Matter of the Arbitration between SAMUEL LANGER, Appellant, and JACQUES SPEYER et al., Doing Business as J. SPEYER & Co., Respondents. [6025.] — Orders, entered on March 25, 1963, denying petitioner's application for a stay of actions pending arbitration, affirmed, with $20 costs and disbursements to respondents-respondents. The by-law provisions of the Diamond Dealers Club, Inc., and the Diamond Trade Association (as quoted by the parties) require members to arbitrate, not litigate, their disputes *inter se.* Such provision relates to personal status (as a member) rather than to the transaction or dispute as the ordinary commercial arbitration clause does. Thus, petitioner's present membership status is of crucial importance. The parties agree that petitioner is a "suspended" member, but the by-laws or other regulations of these organizations are not in the record. Viewed in this vacuum, "suspended" is given its ordinary meaning, and a suspended member is considered to be one who is not entitled, at least temporarily, to the privileges of membership. Therefore, petitioner is unable to compel arbitration under the organizations' by-laws. No other question need be or is decided. The letter from the president of Diamond Dealers Club, Inc., which was received after submission of the appeal and sets

forth the views of its board of directors, is not a part of the record, is hardly competent, and may not be considered. Concur — Botein, P. J., Breitel, Stevens and Steuer, JJ.; Rabin, J. (dissenting in Appeals Nos. 6023 and 6025). I dissent and vote to reverse the order denying petitioner's motions to stay these actions pending arbitration. The provisions of the approporiate by-laws upon which petitioner relies provide, in substance, that claims of members against other members arising out of the diamond business must be submitted to arbitration. There is no question but that the transactions upon which these two actions are bottomed arose out of the diamond business. The only bar asserted to the granting of the stay is that the petitioner is a suspended member of the several trade organizations involved and is thereby disabled to seek such relief. The by-laws of these associations direct arbitration between members. Suspended or not, petitioner is still a member — as opposed to one who had been expelled or otherwise totally divorced from the association — and being such, arbitration is mandated. The majority of this court takes the position that the petitioner, as a suspended member, is not entitled to the "privileges" of membership and therefore may not compel arbitration under the by-laws. I disagree. I am of the opinion that the petitioner does not seek to invoke any "privilege." It should be noted that the action of the petitioner on these applications is not of an affirmative nature but is rather defensive. It was the respondents who sought resolution of the claims in issue by commencing actions in the courts. However, the respondents, being members of the associations, may not litigate in a forum renounced by them. Even if arbitration be deemed a "privilege" and even if we should say petitioner as a suspended member may not invoke a "privilege", that is no reason to release respondents from their obligations under the by-laws. I would, therefore, stay these actions which were brought in violation of the obligations respondents assumed. Rabin, J. (dissenting in part in Appeal No. 6024). I dissent to the extent that I would remand the matter to Special Term for a hearing. While I am of the opinion that petitioner may obtain a stay of an action based upon a claim arising out of the diamond business, this proceeding differs from the other companion proceedings (Appeals Nos. 6023, 6025) in that this record does not permit of a finding that the claim in question arose out of the diamond business. A hearing is required to resolve that issue.