THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELLIOT EPPERSON, Respondent.

First Department, March 31, 1992

**APPEARANCES OF COUNSEL**

*Joan P. Sullivan* of counsel *(Norman Barclay* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Edward Dudley* for respondent.

**OPINION OF THE COURT**

ROSENBERGER, J.

Does the statutory exemption from prosecution for the crime of criminal possession of a weapon (Penal Law § 265.20) apply to one who has been suspended as a police officer? We hold that it does not.

The defendant was suspended by the New York City Police Department for failing to submit to drug testing. Pursuant to departmental regulations, he was ordered to surrender his service revolver, private firearms, shield and identification card. While on suspension, the defendant was seen entering a known drug location with a weapon. He then entered a car and drove away with two companions. When other officers stopped the defendant's vehicle, he identified himself as a police officer, stated that he was working and displayed a facsimile of his police shield. The defendant and the other occupants were ordered out of the car and searched. A .22 caliber automatic handgun was recovered from the defendant.

The defendant was arrested and indicted for the crimes of criminal possession of a weapon in the third degree and criminal possession of a forged instrument in the second degree. He then moved to dismiss the indictment, *inter alia,* on the ground that as a police officer, he was immune from prosecution for criminal possession of a weapon and the charge arising from displaying the facsimile of his shield, despite his suspension from the force. The Supreme Court agreed and dismissed the indictment.

On appeal, the People challenge only the dismissal of that count of the indictment charging the defendant with criminal possession of a weapon in the third degree. They maintain that since he was suspended from the Police Department, he was no longer exempt from prosecution under the Penal Law. The defendant maintained in the Supreme Court, and that court agreed, that any infraction he committed in failing to turn in his private firearm was a violation of departmental regulations and not a crime punishable under the Penal Law. He contended that although he was suspended from the force, he was still a police officer entitled to the exemption contained in Penal Law § 265.20.

A person is guilty of criminal possession of a weapon in the third degree when he possesses a loaded firearm outside his home or place of business (Penal Law § 265.02 [4]). However, Penal Law § 265.20 provides certain exemptions to this provi-

sion. Subdivision (a) (1) (b) exempts "[p]olice officers" as defined in subdivision (34) of CPL 1.20. CPL 1.20 (34) (d) defines a " '[p]olice officer' " as "[a] sworn officer of an authorized police department or force of a city, town, village or police district".

As the defendant points out, the statute is silent as to whether a police officer must be a member in good standing of the department in order for the exemption to apply. Although the words "police officer" are clear and unambiguous on their face, when read in conjunction with the whole act, their meaning becomes ambiguous, mandating the need for construction (McKinney's Cons Laws of NY, Book 1, Statutes § 76). Whether or not the defendant may be prosecuted pursuant to Penal Law § 265.02 (4) then depends on whether he remained a "police officer" while on suspension.

The word "suspended" has been defined and interpreted both judicially and as a matter of common usage. According to Black's Law Dictionary 1447 (6th ed), "suspension" means a "temporary cutting off or disbarring one, as from the privileges of one's profession" (see also, Mankowski v United States, 148 F2d 143). "Suspend", as defined by Webster's Ninth New Collegiate Dictionary, means "to debar temporarily from a privilege, office or function, to cause to stop temporarily, to set aside or make temporarily inoperative [the rules]".

While the word "suspend" ordinarily means a temporary cessation (McNamara v Mayor of City of N. Y., 152 NY 228, rearg denied 153 NY 647), it is a cessation nonetheless, and one who is suspended as a member of any organization "is considered to be one who is not entitled, at least temporarily, to the privileges of membership" (Matter of Langer [Liverant, Goldberg, Speyer], 19 AD2d 602, appeals dismissed, affd 14 NY2d 642).

A person suspended as a police officer is prohibited from performing assigned duties and must surrender all department property and all revolvers or pistols owned or possessed (New York Police Department Patrol Guide § 118-11). The exemption contained in Penal Law § 265.20 does not create a vested right (see, Matter of Salata v Tolman, 38 AD2d 991).

Although the defendant had not yet received a hearing on his suspension and had not been finally terminated from the force at the time of his arrest, being suspended, he was no longer permitted to perform his assigned duties and was no

longer entitled to enjoy the privileges of his profession. The defendant was not on active duty at the time of his arrest and was not authorized to act as a police officer *(see, People v Pianto,* 220 App Div 333, *affd* 246 NY 640). His possession of a loaded firearm, therefore, subjected him to criminal as well as disciplinary charges. *(Supra.)*

While police officers are granted broad immunity from the provisions of the Penal Law as they relate to the possession of weapons *(see, People v Desthers,* 73 Misc 2d 1085), it defies logic to presume that the Legislature intended such immunity to attach to those divested of authority to perform their duties and to carry a weapon. We therefore conclude that the defendant was not exempt from prosecution for criminal possession of a weapon based on his status as one who had been suspended from his duties as a police officer. When he was suspended from his duties and privileges he was necessarily also suspended from his status and position as a police officer.

Accordingly, the order of the Supreme Court, New York County (Daniel FitzGerald, J.), entered on or about September 22, 1987, which granted the defendant's motion to dismiss the indictment, should be reversed, on the law, to the extent appealed from, and the indictment reinstated.

CARRO, J. P., KUPFERMAN and Ross, JJ., concur with ROSENBERGER, J.; ELLERIN, J., dissents and would affirm for the reasons stated by FITZGERALD, J.

Order of the Supreme Court, New York County, entered on or about September 22, 1987, which granted defendant-respondent's motion to dismiss the indictment, is reversed, on the law, to the extent appealed from, and the indictment reinstated.