OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant, a police officer, was suspended when he refused to submit to a random drug test. As part of the suspension, he was required to surrender his weapons, shield and identification card. While suspended, he was seen exiting a known drug location, was stopped and was found to possess a .22 caliber automatic handgun. He was indicted for criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4) and criminal possession of a forged instrument (a duplicate of his police shield) in the second degree in violation of Penal Law § 170.25. Supreme Court granted the defendant’s motion to dismiss the indictment and the Appellate Division reversed by a divided vote, insofar as appealed from, and reinstated the criminal possession of a weapon count.
 

 We reject defendant’s contention that he was exempt from
 
 *699
 
 prosecution by Penal Law § 265.20 (a) (1) (b) which exempts police officers as defined by CPL 1.20 (34) (d). The latter section defines police officer as "[a] sworn officer of an authorized police department or force of a city, town, village or police district.” However, by the terms of defendant’s suspension, he was clearly on notice that his authorization to carry a weapon, and hence any special legal status he might enjoy as a result of it, had been terminated. Thus, a reasonable person would be informed of the nature of the prohibited offense consistent with established principles of due process
 
 (see, People v Byron,
 
 17 NY2d 64, 67). We conclude that the Legislature did not intend to exempt from prosecution any person who is not authorized to carry out the duties and functions of police officers. As stated by the Appellate Division, it is unreasonable to conclude otherwise.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur; Judge Hancock, Jr., taking no part.
 

 Order affirmed in a memorandum.