■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARIEL PENA, Respondent. [633 NYS2d 278] —Upon remittitur from the Court of Appeals (*People v Ramos*, 85 NY2d 678), order, Supreme Court, New York County (Daniel FitzGerald, J.), entered January 12, 1988, which dismissed an indictment charging defendant with criminal possession of a weapon in the third degree, unanimously reversed, on the law and the facts, and the indictment reinstated.

On March 30, 1987, defendant, a New York City Correction Officer, was suspended from duty as a result of his being charged in Bronx County with burglary in the first degree, robbery in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and criminal impersonation in the first degree. Pursuant to Correction Department General Rules § 3.25.030 defendant surrendered possession of his weapons and shield. At approximately 6:00 P.M. on June 8, 1987, while still suspended defendant was arrested at the corner of 160th Street and Broadway in Manhattan for criminal possession of a loaded .38 caliber revolver.

Defendant moved to dismiss the indictment on the ground that despite his suspension he remained a Correction Officer and "peace officer" pursuant to CPL 2.10 (25) and therefore was exempt from liability for criminal possession of a weapon in the third degree pursuant to Penal Law § 265.20 (a) (1) (c). The hearing court relied upon the decision in *People v Epperson* (137 Misc 2d 146), a case involving a suspended police officer arrested and charged with, *inter alia*, criminal possession of a weapon in the third degree, in which the trial court dismissed the indictment on the ground that the defendant, even though on suspension, remained a sworn officer. On appeal in that case, this Court reversed and held that the defendant police officer was not exempt from prosecution for criminal possession based on his status as one who had been suspended from his duties as a police officer (179 AD2d 92, *affd* 82 NY2d 697). We stated that "[w]hile police officers are granted broad immunity from the provisions of the Penal Law as they relate to the possession of weapons (*see, People v Desthers*, 73 Misc 2d 1085), it defies logic to presume that the Legislature intended such immunity to attach to those divested of authority to perform their duties and to carry a weapon" (*supra,* at 95). The same reasoning holds true with respect to correction officers. Therefore, we hold that the trial court in this case erred in dismissing the indictment. Concur—Rosenberger, J. P., Rubin, Ross and Asch, JJ.