■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE VERA, Appellant. [780 NYS2d 31]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered February 28, 2000, convicting him of attempted assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The record supports the hearing court's conclusion that the defendant voluntarily made certain incriminating statements to the police at a time when he was not in custody. Under these circumstances, the Supreme Court correctly refused to suppress those statements (*see People v Yukl,* 25 NY2d 585 [1969]; *People v Coates,* 157 AD2d 843 [1990]).

However, the Supreme Court erred in denying the defendant's motion to dismiss the third count of the indictment charging him with criminal possession of a weapon in the fourth degree under Penal Law § 265.01. Penal Law § 265.20 provides an absolute grant of immunity to, among others, police officers, from liability for violations of Penal Law § 265.01. We are constrained to hold that since it is undisputed that the defendant was a duly-appointed police officer and, although off duty at the time of the incident, he was not under any suspension or restriction, he was entitled to the benefit of the immunity conferred by Penal Law § 265.20. Therefore, in light of the un-

equivocal statutory language and case law, we vacate the defendant's conviction and sentence on that count of the indictment (*see People v Desthers,* 73 Misc 2d 1085 [1973]; *cf. People v Epperson,* 179 AD2d 92 [1992], *affd* 82 NY2d 697 [1993]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.