■ In the Matter of Louie M., a Person Alleged to be a Juvenile Delinquent, Appellant. [902 NYS2d 353]—Order of disposition, Family Court, Bronx County (Robert R. Reed, J.), entered on or about May 4, 2009, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would constitute the crimes of menacing in the second degree, harassment in the first degree and menacing in the third degree, and placed him with the Office of Children and Family Services for a period of 12 months, unanimously modified, on the law, to change the incident dates for count 3 (menacing in the second degree) and count 4 (harassment in the first degree) on page 3 of the order from July 24, 2008 to "on or about May 2008 to August 14, 2008," and otherwise affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The evidence clearly established the elements of each of the offenses at issue, and that each offense occurred on the date or range of dates set forth in the petition. There is no merit to appellant's argument that certain counts should be dismissed because of a lack of proof that the events in question occurred on the date set forth on the last pages of the fact-finding and dispositional orders. Although the last pages of these orders appear to limit the incident date to July 24, 2008, the first page of each order states that the findings of menacing in the second degree and harassment in the first degree were based on continuing events that occurred from on or about May 2008 to August 14, 2008. This appears to be no more than a clerical discrepancy between recitals on different pages of the same documents, and we see no reason to find that the dates recited on the last page of each document are controlling, when the dates on the first page conform to the petition, the evidence, and the court's oral decision.

However, we modify the last page of the dispositional order to

611

reflect the correct range of dates. Appellant's argument that he would be prejudiced by such a correction is without merit. Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.