Barcomb v. Sabo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of July, two thousand twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

---

DARREN BARCOMB,
    *Plaintiff-Appellant,*

v.                                                            No. 11-1917-cv

ARLENE SABO, JERRY LOTTIE, SHAWN
P. MURPHY,
    *Defendants-Appellees,*

LAWRENCE MILLS, WILLIAM LAUNDRY,
ROGER JOHNSON, MARY DUPELL,
COUNTY OF CLINTON, ANDREW J. WYLIE,
KRISTY SPRAGUE, TIMOTHY BLATCHLEY,
    *Defendants.*

---

FOR APPELLANT:          Elmer Robert Keach, III, Amsterdam, NY.

FOR APPELLEES:          Zainab A. Chaudhry, Assistant Solicitor General (Barbara
                        D. Underwood, Solicitor General, Denise Hartman,

Assistant Solicitor General, *on the brief*, *for* Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Darren Barcomb appeals from the district court's entry of summary judgment in favor of defendants Arlene Sabo, Jerry Lottie, and Shawn Murphy on Barcomb's claims for false arrest and malicious prosecution. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference here only as necessary to explain our decision.

The standards for considering a motion for summary judgment are well-established. *See* Fed. R. Civ. P. 56(a); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). We review a district court's grant of summary judgment *de novo*. *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012).

At issue on this appeal are claims brought under 42 U.S.C. § 1983 by Barcomb, a police officer at SUNY Plattsburgh, against Sabo, the Chief of Police at SUNY Plattsburgh, and Lottie, the Assistant Chief, for false arrest in connection with Barcomb's 2005 arrest for menacing, and for false arrest and malicious prosecution against Sabo and Murphy, a New York State trooper, in connection

2

with charges brought against Barcomb in 2006 for impersonating a police officer.[1] The district court granted summary judgment for defendants as to both sets of claims. We affirm for substantially the reasons set out by the district court in its thorough and well-reasoned opinion. *See Barcomb v. Sabo*, No. 8:07-cv-877, 2011 WL 1770795 (N.D.N.Y. May 9, 2011).

As to Barcomb's claims arising from his 2005 arrest: he does not challenge the validity of the arrest, which was pursuant to a warrant, but argues instead that, because Sabo and Lottie drove him from Plattsburgh to Long Island to bring him to the jurisdiction in which the warrant issued, he was denied his right to a prompt initial appearance before a judge in the locale where he was first detained. In support of this argument, Barcomb relies on N.Y. Crim. Proc. Law § 120.90(3). Barcomb's reliance on New York law is unavailing in the context of an alleged constitutional tort. A § 1983 claim for false arrest derives from an individual's right to be free of unreasonable seizures under the Fourth Amendment, *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006), and state law procedural requirements do not delineate the Fourth Amendment's protections, *Virginia v. Moore*, 553 U.S. 164, 176 (2008); *Watson v. City of New York*, 92 F.3d 31, 37-38 (2d Cir. 1996). Even were we now to find a federal right to a prompt initial appearance in the locale where an individual is arrested, any such right is not clearly established, and the district

---

[1] Barcomb voluntarily agreed to the dismissal of his due process claims in the district court. Pl.'s Mem. of Law in Opp. Summ. J. 1 n.1, ECF No. 110. We generally do not consider issues not presented to the district court, and we decline to do so here. *See United States v. Lauersen*, 648 F.3d 115, 115 (2d Cir. 2011) (per curiam).

3

court thus correctly held that Sabo and Lottie were entitled to qualified immunity as to this claim. *See Young v. Cnty. of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998).

With respect to the 2006 incident too, the district court correctly concluded that both Murphy and Sabo are entitled to qualified immunity as to Barcomb's claims for false arrest and malicious prosecution. An officer is entitled to qualified immunity on such claims if he or she can establish that there was at least arguable probable cause to arrest or prosecute the plaintiff. *See Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996). Arguable probable cause exists where either "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera*, 361 F.3d at 743 (internal quotation marks omitted).

Murphy had at least arguable probable cause to file criminal charges against Barcomb for impersonating a police officer. As the district court correctly concluded, in light of Barcomb's actions during a January 1, 2006 traffic stop–even as described by Barcomb–it was reasonable for Murphy to conclude that Barcomb was presenting himself as an active police officer. There was thus at least arguable probable cause for Murphy to bring charges against Barcomb upon learning that Barcomb had been suspended from the police department and was not an active, authorized officer at the time of the stop. Sabo was likewise entitled to qualified immunity with respect to Barcomb's claims related to the impersonation arrest. In light of the information relayed to her regarding the traffic stop, her correspondence

4

with legal counsel, and her knowledge that Barcomb was suspended at the time of the stop, there was at least arguable probable cause supporting Sabo's participation in the state's criminal impersonation charge against Barcomb. That Barcomb was suspended, rather than terminated, at the time of the traffic stop does not change our analysis: Barcomb arguably could still violate the criminal impersonation statute because he lacked authority to act as a police officer while suspended. *See* N.Y. Penal Law § 190.25; *see also People v. Epperson*, 581 N.Y.S.2d 342 (App. Div. 1992), *aff'd*, 82 N.Y.2d 697 (1993).

We have considered Barcomb's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5