OPINION OF THE COURT
Memorandum.
Ordered that the judgment convicting defendant of menacing in the second degree and harassment in the second degree is reversed, on the law, and the accusatory instrument charging those offenses is dismissed; and it is further ordered that the judgment convicting defendant of criminal possession of a weapon in the fourth degree is affirmed.
On May 13, 2009, the People charged defendant, in an information, with menacing in the second degree (Penal Law § 120.14 [2]) and two counts of harassment in the second degree (Penal Law § 240.26 [1], [3]). On May 19, 2009, the People charged defendant, in a second information, with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) based on his possession of “a 9MM Huger semiautomatic firearm.” After a jury trial, defendant was convicted of menacing in the second degree, one count of harassment in the second degree (Penal Law § 240.26 [3]) and criminal possession of a weapon in the fourth degree, and acquitted of the remaining count of harassment in the second degree (Penal Law § 240.26 [1]).
*50 The accusatory instrument charging defendant with menacing in the second degree and harassment in the second degree in violation of Penal Law § 240.26 (3) alleged, essentially, that “approximately ten times over a period of seven years” defendant had placed the victim in fear of physical injury “by verbally abusing her, grabbing and breaking a mirror, choking [her], throwing chairs at or towards the victim . . . [and] [i]n addition, on September 24, 2008 at approximately 1:30 p.m., the Defendant grabbed the complainant’s face, [and] slammed her head [against] the wall.” The information also alleged that the offenses were “connected together and form part of a common scheme and plan.” The count alleging harassment in the second degree (Penal Law § 240.26 [3]) did not state that the acts alleged to constitute the offense “serve[d] no legitimate purpose.” On appeal, defendant argues that this accusatory instrument is jurisdictionally defective in that it fails to allege the commission of the offenses within a time period sufficiently specific to satisfy his due process right to notice of the offenses, to the opportunity to prepare a defense, and to avoid a second prosecution for the same offenses, and that the absence of the “serve no legitimate purpose” element of Penal Law § 240.26 (3) is a fatal pleading defect. Defendant further contends, among other things, that the trial proof was legally insufficient to establish his guilt of criminal possession of a weapon in the fourth degree, which conviction was, in any event, against the weight of the evidence.
We agree with defendant that the accusatory instrument alleging menacing in the second degree and harassment in the second degree in violation of Penal Law § 240.26 (3) is jurisdictionally insufficient. An accused is entitled to fair notice of the time, place and manner of an offense that he or she is alleged to have committed, and a fair opportunity to answer the charges and to prepare a defense (see People v Watt, 81 NY2d 772, 774 [1993]). A properly drafted accusatory instrument “also serves to protect an accused from double jeopardy by specifically identifying the alleged crime so that he or she cannot be charged with the crime again” (People v Sedlock, 8 NY3d 535, 538 [2007]). It is therefore an error of jurisdictional significance to plead an “overinclusive duration of time,” which error may be raised for the first time on appeal (People v Morris, 61 NY2d 290, 296 [1984]; see People v Sedlock, 8 NY3d at 538-539; People v Rozario, 20 Misc 3d 76, 81 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). The determination of whether the time period in which an offense is alleged to have occurred is reasonable is *51 made on “an ad hoc basis by considering all relevant circumstances” including “ ‘among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately’ ” (People v Sedlock, 8 NY3d at 539, quoting People v Morris, 61 NY2d at 296). “Where an [accusatory instrument] charges a time interval which is so large that it is virtually impossible for a defendant to answer the charges and to prepare a defense, dismissal should follow even though the People have acted diligently and a shorter time period cannot be alleged” (People v Beauchamp, 74 NY2d 639, 641 [1989]). Where the interval is not per se unreasonable, “ ‘[t]he significantly longer period ... is a factor to be considered, with proportionately heightened scrutiny given to whether the People’s inability to provide more precise times can be justified as against the important notice rights of the defendant’ ” (People v Sedlock, 8 NY3d at 539, quoting People v Watt, 81 NY2d at 775).
While for continuing offenses, such as harassment (see People v Shack, 86 NY2d 529, 541 [1995]; Matter of Louie M., 74 AD3d 610 [2010]; People v Tomossone, 37 Misc 3d 131 [A], 2012 NY Slip Op 51978[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), there is greater tolerance for broader time periods (see People v Sanchez, 84 NY2d 440, 448 [1994]; People v Palmer, 7 AD3d 472, 472 [2004]), the factual allegations herein, essentially, that over a period of seven years, defendant menaced and harassed the victim on “approximately” 10 occasions, and on September 14, 2008, in particular, are unreasonable. Defendant “was entitled to pretrial notice of the charges so that he would be able to adequately prepare a defense” (People v Beauchamp, 74 NY2d at 641).
In addition, “[a]n information that . . . fail[s] to allege a complete element of the charged offense is jurisdictionally defective and may be challenged on appeal even though a defendant never raised the alleged insufficiency [in the trial court]” (People v Kalin, 12 NY3d 225, 229 [2009]; see also People v Casey, 95 NY2d 354, 366 [2000]). As there is no dispute that an element of the offense of harassment in the second degree in violation of Penal Law § 240.26 (3) is that the course of conduct complained of “serve[s] no legitimate purpose,” and that this element was not alleged in the accusatory instrument, the harassment count was jurisdictionally defective on this ground as well.
*52 The remaining conviction, of criminal possession of a weapon in the fourth degree, is affirmed. The trial proof demonstrated that, following his arrest, defendant identified a semiautomatic pistol, which had been recovered from a bedroom closet, as his own; that while defendant was a peace officer at the time of the incident (CPL 2.10 [21]) and at one time had been authorized to possess a firearm, that authority had been revoked by his employer before the incident; and that no employment authorization or permit had since been issued to defendant to possess a firearm (cf People v Vera, 9 AD3d 413, 413-414 [2004]). As defendant “was clearly on notice that his authorization to carry a weapon . . . had been terminated” (People v Epperson, 82 NY2d 697, 699 [1993]; see also People v Pena, 216 AD2d 224 [1995]), contrary to defendant’s contention, he was no longer exempt from liability for criminal possession of a weapon in the fourth degree pursuant to Penal Law § 265.20 (a) (1) (c). In the exercise of our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder’s opportunity to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict as to that charge was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment convicting defendant of menacing in the second degree and harassment in the second degree is reversed and the accusatory instrument charging those offenses is dismissed, and the judgment convicting defendant of criminal possession of a weapon in the fourth degree is affirmed.
LaSalle, J.P, Nicolai and Iannacci, JJ., concur.