People v Morris (2019 NY Slip Op 05160)





People v Morris


2019 NY Slip Op 05160


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-04128
 (Ind. No. 34/15)

[*1]The People of the State of New York, respondent,
v
Len Morris, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig Stephen Brown, J.), rendered April 8, 2016, convicting him of burglary in the second degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephen L. Greller, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Dutchess County, for a new trial.
The defendant was convicted of burglary in the second degree and criminal mischief in the second degree based upon an incident in which he broke the sliding glass door of his neighbor's house with a sledgehammer, entered the residence, and allegedly caused further damage inside the home. The homeowners were on vacation at the time. After another neighbor reported the break-in, the defendant approached the responding police officer and told her that he had broken the door and searched the home because he heard a woman yelling inside and he was trying to aid her. No one was inside the home when he entered. The officer asked the defendant if he frequently heard things that others did not hear. The defendant said that he sometimes did. The officer believed that the defendant was suffering from auditory hallucinations and called an ambulance to bring him to the hospital. The defendant was hospitalized for five days for "extreme paranoid behaviors."
Following a Huntley hearing (see People v Huntley, 15 NY2d 72), the hearing court denied that branch of the defendant's omnibus motion which was to suppress the statements he made to the responding police officer. Prior to trial, the People moved to preclude the defendant from offering any psychiatric evidence due to his failure to provide notice pursuant to CPL 250.10. The defendant opposed the motion. The court granted the People's preclusion motion, permitting the defendant to testify that he heard a voice yelling on the date of the incident, but precluding any evidence concerning the defendant's past auditory hallucinations. Following trial, the defendant was convicted of both charges. The defendant appeals.
We agree with the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress the statements he made to the responding police officer without the benefit of Miranda warnings (see Miranda v Arizona, 384 US 436). The evidence at the suppression hearing established that the defendant was not in custody when he made the statements to the officer at the scene and was in his own front yard (see People v Yukl, 25 NY2d 585, 589; People v Clarke, 157 AD3d 616, 616; People v Normile, 229 AD2d 627, 627). While other officers arrived near the end of the questioning, "they did not have their guns drawn, did not handcuff or restrain defendant in any way, and did not otherwise create a coercive or police-dominated atmosphere" (People v Clarke, 157 AD3d at 616). The hearing evidence also established that the statements were voluntarily made (see CPL 60.45[1]; People v Vera, 9 AD3d 413, 413).
Upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, we agree with the defendant that, under the particular circumstances of this case, the trial court should have exercised its "broad discretion . . . to grant permission to submit a late notice in the interest of justice" of his intent to introduce psychiatric evidence (People v Diaz, 15 NY3d 40, 45). "Psychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence. Such notice must be served and filed before trial and not more than thirty days after entry of the plea of not guilty to the indictment. In the interest of justice and for good cause shown, however, the court may permit such service and filing to be made at any later time prior to the close of the evidence" (CPL 250.10[2]). Contrary to the defendant's contention, the evidence he proffered, in opposition to the People's motion, for the purpose of negating intent, constituted "psychiatric evidence" under the statute (CPL 250.10[1]; see People v Silburn, 31 NY3d 144, 156-157; People v Diaz, 15 NY3d at 46-47; People v Almonor, 93 NY2d 571, 577-578). The defendant failed to provide the People with timely notice of his intent to offer this evidence. However, the determination as to whether late notice should be permitted is a discretionary one, which requires the court to weigh the defendant's constitutional right to present witnesses in his own defense against the prejudice to the People arising from late notice (see People v Berk, 88 NY2d 257, 266; People v White, 75 AD3d 109, 123).
Here, the record indicates that the trial court failed to exercise any discretion over whether to permit the defendant to serve late notice of his intent to offer psychiatric evidence (see People v Cronin, 60 NY2d 430, 433; People v Perkins, 246 AD2d 608, 608; People v Mitchell, 209 AD2d 443, 443-444). Exercising our own discretion, we conclude that, under the particular circumstances of this case, the defendant should have been granted permission to serve late notice, and the People's preclusion motion therefore should have been denied. The evidence that the defendant previously had suffered auditory hallucinations had high probative value to corroborate the defendant's testimony that he entered the home with the intent to aid a woman who was yelling, rather than to damage the house (cf. People v Silburn, 31 NY3d at 149). Further, the preclusion of testimony regarding those portions of the defendant's conversation with the responding officer which involved his past auditory hallucinations, and his resultant hospitalization, deprived the jury of the full context of the interaction. Any prejudice to the People was substantially outweighed by the defendant's extremely strong interest in presenting the evidence (see generally People v Berk, 88 NY2d at 266). Accordingly, the People's motion to preclude the defendant from offering psychiatric evidence should have been denied.
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court