OPINION OF THE COURT
Richard M. Weinberg, J.
Defendant is charged in an information with one count of stalking in the fourth degree (Penal Law § 120.45 [1]). He has moved for an order dismissing the information for facial insufficiency under Criminal Procedure Law § 100.40, as well as other forms of relief.
Criminal Procedure Law § 100.40 and, by reference, Criminal Procedure Law § 100.15 require that factual allegations of an evidentiary character in the information provide reasonable cause to believe the defendant committed the offenses charged and that nonhearsay factual allegations establish a prima facie case that the defendant is guilty. (People v Allen, 92 NY2d 378 [1998].) While an information must state the crime with which the defendant is charged and the particular facts constituting that crime (People v Hall, 48 NY2d 927 [1979]), the prima facie requirement is not the same as the burden of proof required at trial. (People v Henderson, 92 NY2d 677 [1999].) So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading. (People v Casey, 95 NY2d 354 [2000].)
The factual allegations supporting the count of stalking in the fourth degree are sufficient to meet the reasonable cause and prima facie requirements of the Criminal Procedure Law. A fair reading of the accusatory instrument provides the defendant with notice that he must defend against a charge that, with the requisite intent and knowledge and contrary to the complainant’s expressed wishes, the defendant engaged in a course of conduct directed at the complainant over an approximately one-month period and that this course of conduct was likely to cause reasonable fear of material harm to the physical health and safety of the complainant. The information details the specific acts of the defendant on eight different dates, including: multiple phone calls late at night to the complainant at out of town hotels, the names and locations of which she had not given to the defendant; sending a room service meal to the complainant at one of the hotels and telling the complainant by phone that he was at her hotel; sending multiple e-mails to the *276 complainant’s place of business; following the complainant from the subway for several blocks in the direction of her home; following the complainant from her place of business, getting on the same subway as the complainant and getting off at the same station as the complainant; and leaving multiple copies of a magazine for which the defendant works in front of the complainant’s home.
Although the defendant is not alleged to have made any verbal threats, the sheer number of communications, both verbal and nonverbal, and their context, including those made to the complainant at out of town hotels, make the defendant’s course of conduct one which is likely to cause reasonable fear of material harm to the complainant. The statute does not require an allegation of a threat of immediate and real danger. As Appellate Term has noted, in the context of an aggravated harassment case, “even if . . . the content of the communication is unobjectionable, a violation . . . will occur if the communication is directed to an unwilling listener under circumstances wherein ‘substantial privacy interests are being invaded in an essentially intolerable manner’.” (People v Smith, 89 Misc 2d 789 [1977], cert denied 434 US 920 [1977], quoting Cohen v California, 403 US 15, 21 [1971].) The information in this case details not only repeated communications to an unwilling listener but also the defendant’s physical presence and following about of the complainant during the period detailed in the information.
These factual allegations, “given a fair and not overly restrictive or technical reading” (see People v Casey, supra at 360), are sufficiently evidentiary in character to satisfy the relevant CPL requirements and the allegations tend to support the Penal Law charge. These allegations establish reasonable cause to believe and a prima facie case that defendant committed the crime of stalking in the fourth degree. “At the pleading stage, nothing more is required.” (People v Allen, supra at 385.)
The defendant has also moved to dismiss the information on the ground that Penal Law § 120.45 (1) is unconstitutional because it violates the defendant’s right to freedom of speech under the First and Fourteenth Amendments of the United States Constitution and article I, § 8 of the New York State Constitution, citing People v Dietze (75 NY2d 47 [1989]) and Vives v City of New York (305 F Supp 2d 289 [SD NY 2003]).
Defendant’s reliance on Vives, however, is misplaced. Vives held that Penal Law § 240.30 (1), a harassment statute, was un *277 constitutional to the extent that it prohibits and punishes speech that is intended to annoy or alarm. The decision did not address communications that are intended to harass or threaten and the decision did not involve Penal Law § 120.45 (1). Liability under this stalking statute arises not from the content of any speech but from the defendant’s course of conduct which is likely to instill a fear of harm in the target of that conduct.
Dietze, also relied upon by the defendant, dealt with a harassment statute which made criminal the use of abusive or obscene language in a public place. Because that statute, on its face, prohibited a substantial amount of constitutionally protected expression, the Court held that its reach was overly broad and unconstitutional. In contrast, the instant statute, as noted above, deals with the invasion of a person’s privacy, whether that invasion takes the form of verbal communication or physical actions. The defendant’s liability arises not from his expression of speech — protected or otherwise — but rather from his repetitive trespass upon the complainant’s privacy. (See People v Miguez, 147 Misc 2d 482 [1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992], citing People v Cirruzzo, 53 Misc 2d 995 [1967].)
Constitutional free speech protections have never been absolute and, under circumstances such as presented here, the defendant’s right to free speech is permissibly subordinated to the complainant’s right to be free of repetitive, unwanted verbal and nonverbal communications which are likely to instill in the complainant a reasonable fear of harm. (See People v Shack, 86 NY2d 529 [1995].)
Accordingly, the defendant’s motion to dismiss on facial sufficiency and constitutional grounds is hereby denied.
The defendant’s motion to suppress statements is granted to the extent that a Huntley/Dunaway hearing is ordered.
The defendant’s motion for preclusion under CPL 710.30 is granted to the extent applicable.
The defendant’s request for discovery and a bill of particulars is granted to the extent indicated in the People’s response.
The defendant’s Sandoval motion is referred to the trial court.
The People are reminded of their continuing Brady, Rosario and related responsibilities.
The defendant retains all rights to which he is entitled under CPL 255.20.