[869 NE2d 14, 838 NYS2d 14]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SEDLOCK, Appellant.

Argued May 2, 2007; decided June 5, 2007

**POINTS OF COUNSEL**

*Pope, Schrader & Sacco, LLP,* Binghamton (*James A. Sacco* of counsel), for appellant. I. The information was defective in that it was conclusory and did not allege a mental state. (*People v Dumas,* 68 NY2d 729; *People v Alejandro,* 70 NY2d 133.) II. The information is defective because the time span alleged is so expansive as to be violative of defendant's constitutional rights. (*People v Morris,* 61 NY2d 290; *People v Keindl,* 68 NY2d 410, 69 NY2d 823; *People v Beauchamp,* 74 NY2d 639; *People v Watt,* 81 NY2d 772; *People v Sanchez,* 84 NY2d 440.) III. The People failed to prove a prima facie case. (*People v Dumas,* 156 Misc 2d 1025; *People v Kennedy,* 47 NY2d 196; *People v Wager,* 199 AD2d 642, 83 NY2d 811; *People v Calabria,* 3 NY3d 80; *People v Jackson,* 65 NY2d 265; *People v Stewart,* 40 NY2d 692; *People v Carthrens,* 171 AD2d 387; *People v Leslie,* 154 Misc 2d 325, 232 AD2d 94, 91 NY2d 875; *People v Symbato,* 72 AD2d 780; *People v Leo,* 109 Misc 2d 933.)

*Gerald F. Mollen, District Attorney,* Binghamton (*Peter N. De-Lucia* of counsel), for respondent. I. The information was sufficient as a matter of law because the elements could be inferred from the accusatory instrument and its supporting deposition. (*People v Alejandro,* 70 NY2d 133; *People v Mizell,* 72 NY2d 651; *People v Henderson,* 92 NY2d 677; *People v Rojas,* 61 NY2d 726; *People v Inserra,* 4 NY3d 30; *People v Victor P.,* 120 Misc 2d 770; *People v Prevete,* 10 Misc 3d 78; *People v Rodriguez,* 1 Misc 3d 8.) II. The time period alleged in the accusatory instrument was not unconstitutionally overbroad. (*People v Keindl,* 68 NY2d 410; *People v Morris,* 61 NY2d 290; *People v Bogdanoff,* 254 NY 16; *People v Watt,* 81 NY2d 772; *People v Beauchamp,* 74 NY2d 639.) III. The People established a prima facie case at trial. (*People v Lane,* 7 NY3d 888; *People v Payne,* 3 NY3d 266; *People v Hines,* 97 NY2d 56; *People v Calabria,* 3 NY3d 80; *People v Contes,* 60 NY2d 620; *People v Watson,* 281 AD2d 691, 96 NY2d 925; *People v Beecher,* 225 AD2d 943; *People v Dehler,* 216 AD2d 643; *People v Pinkoski,* 300 AD2d 834; *People v Molineux,* 168 NY 264.)

**OPINION OF THE COURT**

CIPARICK, J.

The issue in this appeal is whether the People presented defendant with sufficient notice of the nature of the accusation by delineating in the information a seven-month time period dur-

ing which the alleged criminal act occurred. We hold that, under *People v Morris* (61 NY2d 290 [1984]) and *People v Watt* (81 NY2d 772, 774 [1993]), the People have failed to show that an allegation of so broad a time frame was necessary under the circumstances presented in this case.

Defendant, a funeral director and scoutmaster for a Boy Scout troop, was arraigned on one charge of forcible touching under Penal Law § 130.52, a class A misdemeanor. The charge stems from his relationship with a boy, the complainant, a member of defendant's troop. The relationship between complainant and defendant developed over the course of several years to the extent that complainant often referred to defendant and his wife as his parents. After complainant's strained relationship with his own stepfather led him to move out of his home, he sought refuge with defendant and his family. Complainant resided in defendant's home from December 2002 to July 2003. However a year later, in May 2004, complainant, then age 18, reported to the police that he had been inappropriately touched by defendant many times over the years and that he had delayed in telling the authorities as he was embarrassed and hurt and suffered stress-related illnesses as a result of the incidents.

The information filed with City Court states:

> "That from December 2002 through June 2003, at [defendant's home], the said defendant, did with no legitimate purpose, forcibly touch the sexual or other intimate parts of another person: for the purpose of gratifying the actor's sexual desire. To wit; said defendant did touch a 17 year [old's] penis and did kiss him on the lips."

The People further submitted a supporting deposition in which complainant described his relationship with defendant and detailed various instances of forcible touching. The deposition contained allegations of specific conduct occurring on a camping trip in Pennsylvania in April 2001 where complainant awoke to find defendant touching him in an inappropriate and unwanted manner. Complainant also alleged that "some times during the days I lived [in defendant's home] we would play fight and he would pinch my penis over my clothes."

Defendant, in an omnibus motion, sought to dismiss the information stating that "the time frame is so expansive that this Defendant cannot possibly defend against the charges and prepare a defense." In the alternative, the motion sought to compel the People to respond to a previously served demand for

a bill of particulars which had sought "the precise date(s), time(s) and location(s) of the offense(s) alleged."

In response to the omnibus motion, the People stated:

"As to the Bill of Particulars CPL 200.95

"a. The defendant forcibly touched the victim in this case . . . by pinching with his hand the penis of the victim . . . . This happening on one occasion between December of 2002 and June 2003 at [defendant's home]. This answers the defendants [*sic*] bill of particulars dated June 21, 2004."

City Court denied the motion to dismiss the information and, after a jury trial, defendant was convicted of forcible touching. Defendant then sought to set aside the verdict pursuant to CPL 330.30 (1), alleging various evidentiary errors as well as a claim of legal insufficiency. The motion was denied and defendant was sentenced to a one-year term of imprisonment. County Court granted defendant a stay of the sentence pending appeal. That court later affirmed the judgment of conviction and sentence. A Judge of this Court granted leave to appeal and further stayed execution of the sentence. Defendant argues that the lower courts erred by not dismissing the accusatory instrument as it did not properly give him notice of the charge so that he could adequately prepare a defense. We agree and now reverse and dismiss the information.

The paramount purpose of an accusatory instrument is to provide sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow defendant to prepare or conduct a defense (*see People v Morris*, 61 NY2d at 293). The instrument also serves to protect an accused from double jeopardy by specifically identifying the alleged crime so that he or she cannot be charged with the crime again in a subsequent prosecution (*see id.*). To satisfy these safeguards, there is no requirement that the accusatory instrument give an "exact date and time" (*id.* at 294). Rather, "the interval of time set forth in each count must reasonably serve[ ] the function of protecting defendant's constitutional right to be informed of the nature and cause of the acusation" (*People v Keindl*, 68 NY2d 410, 417 [1986] [internal quotation marks and citations omitted]).

Although we have held that a nine-month time frame alleging a noncontinuous act in an accusatory instrument is generally per se unreasonable (*see People v Beauchamp*, 74 NY2d 639, 641

[1989] [holding that a nine-month time frame is an "excessive interval" despite the People's diligent efforts and the young ages of the victims]; *see also Keindl*, 68 NY2d at 419 [sexual abuse charges spanning 10 months involving crimes against children ranging from ages 8 to 13 were "so excessive on their face that they are unreasonable"]), we have otherwise been hesitant to adopt a bright-line rule (*see e.g. People v Watt*, 81 NY2d at 775 [five-month time frame was not "per se unreasonable"]), and we need not adopt one here.

Rather, the "determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the [accusatory instrument] and the bill of particulars must be made on an *ad hoc* basis by considering all relevant circumstances" (*Morris*, 61 NY2d at 295). As we stated in *Morris*:

> "The test for adequacy embraces good faith. Reasonableness and fairness demand that the [accusatory instrument] state the date and time of the offense to the best of the People's knowledge, after a reasonably thorough investigation has been undertaken to ascertain such information. In evaluating the possibility that a more specific date could have been obtained through diligent efforts, the court might consider, among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately" (*id.* at 296).

Further, as we noted in *Watt*, when a per se bar does not apply: "The significantly longer period . . . is a factor to be considered, with proportionately heightened scrutiny given to whether the People's inability to provide more precise times can be justified as against the important notice rights of the defendant" (81 NY2d at 775).

With these considerations in mind, we conclude that the People failed to meet their duty to delineate a sufficiently narrow time frame for the alleged act. Notably, the complainant here was 16 or 17 years old at the time of the forcible touching, and, by all accounts, intelligent. Exact dates for incidents that occurred years before were provided, yet the People failed to specify a more precise time frame for the conduct at issue, or to demonstrate that they were unable to do so. Under these circumstances, seven months cannot be deemed reasonable when

weighed against the imperative notice rights of the defendant. The People had ample opportunity to correct this deficiency in their response to the bill of particulars but failed to do so, and thus defendant's motion to dismiss the information should have been granted.

In light of our disposition, we need not reach defendant's remaining arguments.

Accordingly, the order of County Court should be reversed and the information dismissed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.