THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY BENNETT, Appellant. [868 NYS2d 314]—

The indictment in this case charged the defendant with two counts each of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and rape in the third degree. As to each count, the indictment alleged that the crime occurred "on or about and between June of 2001 and December of 2001." In an amended bill of particulars the People asserted that the crimes occurred on two separate occasions, once "while it was warm out and while the victim's mother was at the grocery store," and the other "approximately two weeks" later. The People did not, however, narrow down the seven-month time frame originally specified in the indictment. That time frame coincided with the entire time period that the defendant lived with the victim and her mother, when the victim was seven years old.

Considering all of the relevant circumstances, we agree with the defendant that his motion to dismiss the indictment based upon the unreasonable length of time specified in the indictment and amended bill of particulars should have been granted (*see People v Watt,* 81 NY2d 772 [1993]). In reaching a determination as to whether a designated period of time is reasonable, "factors to be considered might include but should not be limited to the length of the alleged period of time in relation to the number of individual criminal acts alleged; the passage of time between the alleged period for the crime and defendant's arrest; the duration between the date of the indictment and the alleged offense; and the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense" (*People v Morris,* 61 NY2d 290, 296 [1984]). Here, the People failed to specify a more precise time frame or to demonstrate that they were unable to do so (*see People v Sedlock,* 8 NY3d 535 [2007]).

Where an indictment charges a time interval which is so large that it is virtually impossible for a defendant to answer the

charges and prepare a defense, dismissal should follow even though the People have acted diligently and a shorter time period cannot be alleged (*see People v Beauchamp,* 74 NY2d 639 [1989]). In *Beauchamp,* the Court of Appeals held that a time period of nine months, excluding weekends, during which crimes occurred, was so excessive as to be unreasonable, even considering the nature of the crimes (sexual molestation) and ages of the victims (four to six years old). In *People v Sedlock* (8 NY3d 535, 538 [2007]), the Court of Appeals characterized the nine-month time frame as "generally per se unreasonable." When a per se (nine-month) bar does not apply, a significantly lengthy period is a factor to be considered, with "proportionately heightened scrutiny" given to whether the People's inability to provide more precise times can be justified as against the important notice rights of the defendant (*People v Sedlock,* 8 NY3d at 539; *People v Watt,* 81 NY2d 772, 775 [1993]).

At trial, the victim testified that the two incidents occurred about two weeks apart when she was in the middle of second grade. The first incident occurred when her mother was at the grocery store with the victim's brother. The second incident occurred when the mother took the brother to the doctor. The People should have inquired as to when the mother took the victim's brother to the doctor and/or should have sought to obtain the brother's medical records to narrow the time frame of the crimes as alleged. The defendant's ability to prepare a defense was further stymied by the fact that the victim testified that the incidents occurred in the middle of her second grade school year, which would have been during the winter, but the amended bill of particulars provided that the incidents occurred when the weather was warm. Under these circumstances, when the time period charged, namely seven months, approaches the nine-month period found to be per se unreasonable in *People v Beauchamp* (74 NY2d 639 [1989]; *see People v Sedlock,* 8 NY3d at 538), the People are subjected to "proportionately heightened scrutiny" as to whether their inability to provide more precise times is justified (*id* at 539). There is no indication that the People inquired of the mother or of the doctor of the victim's brother regarding as to when the brother was treated.

Further, the defendant's arrest and indictment did not occur until more than two years after the latest date specified for the crimes. The inability of the victim, who was 11 years old by the time of trial, to further narrow down the time frame of the offenses may very well be attributable to the length of time between the alleged commission of the crimes and the defendant's indictment. Under the circumstances, the seven-month time

frame cannot be found to be reasonable, "when weighed against the imperative notice rights of the defendant" (*People v Sedlock,* 8 NY3d 535, 539-540 [2007]).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.