THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. GREEN, Appellant. [939 NYS2d 487]—

The defendant was accused of having committed numerous crimes of a sexual nature against five young girls: his granddaughter and four of her friends. Most of the crimes were alleged to have been committed in the defendant's home when other adults were not present, but some were alleged to have been committed in public places. The indictment, as supplemented by the bill of particulars, alleged that the crimes were committed during particular seasons in 1998-1999, 2001, and 2003. After a lengthy trial, the defendant was convicted of counts relating to three of the five complainants.

Before sentencing, the defendant filed a motion to set aside

the verdict (*see* CPL 330.30 [1]) on the ground, among others, that he had been deprived of his right to effective assistance of counsel. In that motion, the defendant cited alleged deficiencies in trial counsel's performance that appeared on the face of the record as well as deficiencies that did not appear on the record. The County Court denied the motion, finding, in part, that it could not adjudicate, in the context of a CPL 330.30 motion, claims of ineffective assistance of counsel resting on matters not appearing on the record. The defendant was sentenced to lengthy prison terms. In 2009, he filed a motion pursuant to CPL 440.10 to vacate his judgment of conviction in which he claimed that he had been deprived of his right to effective assistance of counsel. The County Court denied that motion, and the defendant's application for leave to appeal was denied by a Justice of this Court. On this direct appeal from the judgment of conviction, the defendant raises numerous claims. None requires reversal, and we affirm the judgment of conviction.

The defendant contends that the County Court erred by denying that branch of his omnibus motion which was to dismiss the indictment on the ground that, even as amplified by the bill of particulars, it did not provide sufficient notice as to when the crimes were allegedly committed (*see* CPL 200.50 [6]). Taking into consideration all relevant circumstances, including, among others, the age of the victims at the times of the commission of the crimes, the nature of the crimes, and the People's efforts to narrow the time frames (*see People v Watt*, 81 NY2d 772, 774-775 [1993]), the time periods alleged were not so lengthy as to require dismissal (*see People v Case*, 29 AD3d 706, 706-707 [2006]; *People v Williams*, 280 AD2d 563, 564 [2001]; *People v O'Keefe*, 276 AD2d 647 [2000]; *cf. People v Sedlock*, 8 NY3d 535, 539-540 [2007]; *People v Weekes*, 71 AD3d 1065 [2010]; *People v Bennett*, 57 AD3d 688, 689 [2008]; *People v Goulbourne*, 199 AD2d 533 [1993]).

In addition, the defendant contends that certain testimony relating to the reporting of the crimes and the course of the police investigation constituted improper bolstering. The defendant, however, failed to preserve this contention for appellate review (*see* CPL 470.05 [2]; *People v Bevans*, 84 AD3d 827 [2011]; *People v Rich*, 78 AD3d 1200, 1202 [2010]; *People v Santiago*, 16 AD3d 600 [2005]). In any event, the testimony did not, to the extent it may have gone beyond the scope of what was proper (*cf. People v Bernardez*, 85 AD3d 936, 938 [2011]), deprive the defendant of a fair trial. The defendant's contention that his trial counsel was ineffective for failing to object to the admission of the aforementioned testimony is without merit (*see People v Cass*, 18 NY3d 553, 564 [2012]).

Moreover, the County Court did not err in permitting expert testimony about child sexual abuse accommodation syndrome. That testimony was properly offered for the purpose of providing an explanation for the post-crime behavior of the complainants that might have appeared to be unusual or which the jurors may not have otherwise understood (*see People v Spicola*, 16 NY3d 441, 465 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Carroll*, 95 NY2d 375, 387 [2000]). Further, the defendant has failed to support his claim that child sexual abuse accommodation syndrome has been discredited within the scientific community (*see People v Spicola*, 16 NY3d at 465; *cf. Gersten v Senkowski*, 426 F3d 588, 611 [2005], *cert denied sub nom. Artus v Gersten*, 547 US 1191 [2006]).

Finally, the County Court correctly held that it lacked the authority to consider facts not appearing on the record in determining the defendant's motion pursuant to CPL 330.30 (1) to set aside the verdict on the ground, inter alia, of ineffective assistance of counsel (*see People v Rohlehr*, 87 AD3d 603, 604 [2011]; *People v Miller*, 68 AD3d 1135 [2009]). Accordingly, the County Court properly denied that motion. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.