OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was convicted, after a nonjury trial, of stalking in the fourth degree (Penal Law § 120.45 [2]). The evidence adduced at trial showed, among other things, that after a series of encounters between the complainant and defendant, a police detective had clearly informed defendant, on March 28, 2009, to cease all contact and communication with the complainant. Thereafter, in spite of the detective’s warnings, when defendant and the complainant were patronizing the same establishment, defendant made gestures towards the complainant to provoke and antagonize her. Defendant also made four T-shirts displaying degrading pictures of the complainant’s face or body with derogatory, vulgar or suggestive comments. Defendant wore two of these T-shirts; one was given to the complainant’s sister, and the fourth shirt was given to a mutual acquaintance of both defendant and the complainant. Defendant and another individual wore two of these T-shirts at a bar where the complainant was also a patron. Defendant, at the time of his arrest, stated that he knew the complainant would learn of the T-shirts and would get angry. In her testimony, the complainant described how defendant’s actions and the existence of the T-shirts caused material harm to her mental and emotional health (Penal Law § 120.45 [2]).
Viewing the proof in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that “there *85 is a valid line of reasoning and permissible inferences from which a rational [trier of fact] could have found the elements of the crime proved beyond a reasonable doubt” (People v Danielson, 9 NY3d 342, 349 [2007]). We note that any inconsistencies between the testimony of the witnesses did not undermine the credibility of these witnesses to such a degree as to render their accounts incredible or unreliable as a matter of law (see People v Baksh, 43 AD3d 1072, 1073 [2007]; People v Almonte, 23 AD3d 392, 393 [2005]; see also People v Lopez, 40 AD3d 1119 [2007]).
Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder’s opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict convicting defendant of stalking in the fourth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant further argues that Penal Law § 120.45 (2) is unconstitutionally overbroad as applied to this case because it impermissibly punished his use of photographs of the complainant and improperly punished his constitutionally protected speech. Defendant’s contention is without merit.
The legislature’s intent in enacting Penal Law § 120.45 was to address “[t]he unfortunate reality . . . that . . . stalking victims have been intolerably forced to live in fear of their stalkers . . . who repeatedly follow, phone, write, confront, threaten or otherwise unacceptably intrude upon their victims, often inflict[ing] immeasurable emotional and physical harm upon them” (William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.40 at 76-77 [2009 ed]). It is well established that
“ [c] onstitutional free speech protections have never been thought to give absolute protection to every individual to speak whenever or wherever he pleases, or to use any form of address in any circumstances that he chooses; a person’s right to free expression may be curtailed upon a showing that substantial privacy interests are being invaded in an essentially intolerable manner” (People v Shack, 86 NY2d 529, 535-536 [1995] [internal quotation marks and citation omitted]).
*86 Additionally, a “defendant’s right to free speech is permissibly subordinated to the complainant’s right to be free of repetitive, unwanted verbal and nonverbal communications which are likely to instill in the complainant a reasonable fear of harm” (People v Wong, 3 Misc 3d 274, 277 [Crim Ct, NY County 2004]; see Shack, 86 NY2d at 536). Consequently, “[1]lability under [the] stalking statute [Penal Law § 120.45] arises not from the content of any speech but from the defendant’s course of conduct which is likely to instill a fear of harm in the target of that conduct” (Wong at 277). Here, defendant unacceptably intruded upon the complainant’s privacy rights. Defendant’s unwanted nonverbal communications inflicted immeasurable emotional harm upon the complainant, which conduct is precisely what the stalking statute intended to criminalize. Therefore, as the stalking statute proscribes conduct and not speech, and because defendant’s criminal liability arose not from his expression of speech but from his repetitive trespass upon the complainant’s privacy, defendant’s argument challenging the constitutionality of Penal Law § 120.45 (2) is without merit.
The other issues raised by defendant are similarly without merit.
Accordingly, the judgment of conviction is affirmed.
Nicolai, EJ., Molla and Iannacci, JJ., concur.