The People of the State of New York, Respondent,
against
Angel R.R. (Anonymous), Appellant.



Appeal from a judgment of the District Court of Suffolk County, First District (Chris Ann Kelley, J.), rendered May 15, 2013. The judgment adjudicated defendant a youthful offender upon a nonjury verdict finding him guilty of criminal mischief in the fourth degree.




ORDERED that the judgment adjudicating defendant a youthful offender is affirmed.
The People charged defendant, in an information, with criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and criminal contempt in the second degree (Penal Law § 215.50 [6]), alleging that, during the early morning of November 10, 2010, defendant threw a brick at the bedroom window of a private home, causing damage. In a supporting deposition, the homeowner stated, among other things, that, moments after hearing the sound of breaking glass, he left his house, saw that his stepdaughter's bedroom window had been broken, and observed defendant running from the scene. The charge of criminal contempt in the second degree was dismissed prior to trial.
At a nonjury trial, pursuant to their granted Molineux application, the People offered proof of eight episodes of prior misconduct by defendant against the stepdaughter, from September 2009 through September 2010, consisting, in essence, of three incidents of physical abuse, two of verbal abuse, and three of stalking-like conduct, all of which had occurred at the school they both attended. The People also sought to prove an order of protection, which had issued against defendant following the first five incidents. In its decision on the motion, the trial court precluded proof of five of the eight incidents, allowing proof of one act of physical contact that had preceded the order of protection and of two acts of inappropriate nonphysical contact which had occurred subsequent to the order of protection. Although the court did not explicitly allow reference to the order of protection, there was no objection at the trial to the testimony in relation to the order.
The homeowner's stepdaughter testified to her relationship with defendant, which had begun more than two years before November of 2010, and which she had ended after the first episode of abuse. The last of the three incidents occurred in September 2010. The stepdaughter also testified that, at 4:30 in the morning of November 10, 2010, she was awakened by the sound of her bedroom window shattering under the impact of some object, and, from the broken window, she saw defendant standing at the end of the driveway. When her mother entered the room, she informed her mother that it was defendant who had broken the window. The mother [*2]testified to the breaking of the window, her daughter's identification of defendant as the person who had broken the window, and her subsequent discovery of a brick in the scattering of glass under her daughter's bedroom window. The stepfather testified that he had been awakened by a sound from outside the home, and that he had observed defendant, with whom he had become acquainted in the period of his stepdaughter's relationship with defendant, in the act of appearing to throw something in the direction of the house. He then heard the sound of breaking glass, after which defendant fled. The stepfather followed defendant, first by car and then on foot, as defendant retreated to his home, located several blocks away. The stepfather attempted to seize defendant as defendant was climbing into his bedroom window, but defendant managed to break free and forcefully closed the window, breaking the glass and causing lacerations to the stepfather's hand. 
Following the trial, the District Court found defendant guilty of criminal mischief in the fourth degree, adjudicated him a youthful offender, and sentenced him to a period of probation. On appeal, defendant argues that the District Court's Molineux ruling denied him a fair trial and that, in any event, the guilty verdict was against the weight of the evidence.
"Evidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity. . . . Under People v Molineux (168 NY 264 [1901]), the People may use such evidence to prove motive, intent, lack of mistake or accident, identity, or common scheme or plan . . . . Where there is a proper nonpropensity purpose, the decision whether to admit evidence of defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (People v Dorm, 12 NY3d 16, 19 [2009]). 
The Court of Appeals has also noted that a "trial court's decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable" (People v Morris, 21 NY3d 588, 597 [2013]).
Proof of a defendant's prior abusive conduct toward the victim, "whether physical or verbal, is generally admissible as relevant evidence of a defendant's motive and intent, and as background evidence probative of the context in which the charged acts occurred" (People v Steward, 32 Misc 3d 135[A], 2011 NY Slip Op 51465[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Similarly, " [p]rior uncharged crimes or bad acts may be admitted to . . . complete a witness's narrative' " (Matter of Patricia H. v Richard H., 78 AD3d 1435, 1436-1437 [2010], quoting People v Tarver, 2 AD3d 968, 969 [2003]; see also People v Till, 87 NY2d 835, 837 [1995]). Here, the identification of defendant as the person who threw a brick through the bedroom window and his motive and intent in doing so were at issue, and the prior bad acts admitted into evidence, one of physical abuse and two of inappropriate nonphysical contact, which also represented violations of an order of protection, were probative of these issues, particularly in light of the testimony, principally of the stepdaughter, as to her prior, tumultuous relationship with defendant. The evidence "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d at 19; see also People v Alvino, 71 NY2d 233, 242 [1987] [proof of prior acts are admissible where probative of whether the defendant "acted with a particular state of mind"]). While "[t]he notion of completing a narrative may not be expanded to encompass chapters far removed from the charged crime" (People v Wilkinson, 71 AD3d 249, 254 [2010]), here, the charged offense occurred two months after the most recent of the incidents allowed and twelve months after the first incident allowed, and the incidents selected by the District Court were merely representative of a lengthy course of misconduct engaged in by defendant. Consequently, it cannot be said that the District Court abused its discretion in its balancing of the evidence's "probative value and unfair prejudice" (People v Dorm, 12 NY3d at 19). 
Further, in the Molineux context, as is the case generally where a court, sitting as the trier [*3]of fact, is exposed to matters that would otherwise be barred as inadmissible or overly prejudicial, the court is " presumed, by virtue of . . . learning and experience, to have considered only the competent evidence adduced in reaching [its] determination' " (People v Tomossone, 37 Misc 3d 131[A], 2012 NY Slip Op 51978[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012], quoting People v Torres, 1 AD3d 621, 621 [2003]; see also People v Moreno, 70 NY2d 403, 406 [1987]), which "further undercut[s] the possibility that an improper propensity inference would be drawn from the testimony" (People v Graziano, 11 Misc 3d 137[A], 2006 NY Slip Op 50506[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In any event, in light of the overwhelming proof of guilt, there is no significant probability that, if erroneously admitted, the Molineux proof contributed to the guilty verdict (see e.g. People v Addison, 107 AD3d 730, 731 [2013] [bad act evidence, if overly prejudicial, " could not have added much to the effect of the evidence properly admitted' "], quoting People v Arafet, 13 NY3d 460, 468 [2009]; see also People v Bradley, 48 Misc 3d 46, 49-50 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon a review of the record, we find that the verdict was not against the weight of the evidence. The purported inconsistencies between the trial testimony and prior statements of the stepfather and stepdaughter regarding their identification of defendant as the person who broke the stepdaughter's bedroom window are insufficient to warrant disturbing the District Court's determination to credit the witnesses' testimony that it was defendant who broke the window.
Accordingly, the judgment adjudicating defendant a youthful offender is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 23, 2016