People v Carrigan (2018 NY Slip Op 01733)





People v Carrigan


2018 NY Slip Op 01733


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


201 KA 15-00130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK CARRIGAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN J. GILSENAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 1, 2014. The judgment convicted defendant upon a jury verdict of, inter alia, use of a child in a sexual performance (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of use of a child in a sexual performance under counts one and two of the indictment and dismissing those counts of the indictment, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of use of a child in a sexual performance (Penal Law § 263.05). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (§ 155.35).
We note at the outset that we dismiss the appeal from the judgment in appeal No. 2 because defendant raises no contentions with respect thereto (see generally People v Minemier, 124 AD3d 1408, 1408 [4th Dept 2015]).
We agree with defendant in appeal No. 1 that County Court erred in denying his motion for a trial order of dismissal with respect to counts one and two of the indictment, both charging him with use of a child in a sexual performance, on the ground that the indictment failed to provide defendant with sufficient notice of the time periods during which he allegedly committed those acts (see People v Keindl, 68 NY2d 410, 419 [1986]; People v Bennett, 57 AD3d 688, 690-691 [2d Dept 2008], lv denied 12 NY3d 781 [2009]; People v Aaron V., 48 AD3d 1200, 1201 [4th Dept 2008], lv denied 10 NY3d 955 [2008]). We therefore modify the judgment accordingly. Viewing the evidence in light of the elements of the crime of use of a child in a sexual performance as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to the third and fourth counts of the indictment is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, we reject defendant's contention that he was denied the right to effective assistance of counsel. The record establishes that defense counsel, inter alia, made clear and cogent opening and closing statements, pursued a legitimate strategy of attempting to cast the entirety of the victims' testimony as vague and overbroad in an attempt to convince the jury that none of it could be believed, and conducted meaningful cross-examination of the People's witnesses. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court