People v Destine (2023 NY Slip Op 50463(U))

[*1]

People v Destine (Gary)

2023 NY Slip Op 50463(U)

Decided on May 11, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 11, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-257 N CR

The People of the State of New York, Appellant, 
against
Gary Destine, Respondent. 

Nassau County District Attorney (Daniel Bresnahan, Donald Berk and Sarah Rabinowitz of counsel), for appellant.
Andrew E. MacAskill, for respondent.

Appeal from an order of the District Court of Nassau County, First District (Valerie Alexander, J.), dated March 17, 2022. The order granted defendant's motion to dismiss the information.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the information is denied, the information is reinstated, and the matter is remitted to the District Court for all further proceedings.
Defendant was charged by information with endangering the welfare of a child (Penal Law § 260.10 [1]). It was alleged that defendant had, among other things, touched the 15-year-old victim's legs "on or about November 26, 2020." In the People's opening statement at a jury trial, the prosecutor described the incident as having occurred between 2:00 a.m. and 3:00 a.m. on November 27, 2020. Defense counsel moved to dismiss the accusatory instrument because the date of the incident as alleged by the People in their opening statement differed from the date as set forth in the information and supporting deposition. The District Court dismissed the information for facial insufficiency pursuant to CPL 170.30 (1) (a), finding that the difference between the date given in the information and supporting deposition and the date alleged by the People in their opening statement created a jurisdictional defect in the accusatory instrument that could not be amended.
With respect to the sufficiency of an information, supplemented, as the case may be, by a supporting deposition, it must contain: an accusatory section designating the specific offense or offenses with which the defendant is being charged (see CPL 100.15 [2]), and a factual section alleging "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]). The factual section must contain "[n]on-hearsay allegations" which "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [*2][1] [c]; see People v Slade, 37 NY3d 127, 136 [2021]). 
"The paramount purpose of an accusatory instrument is to provide sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow defendant to prepare or conduct a defense" (People v Sedlock, 8 NY3d 535, 538 [2007]; see People v Morris, 61 NY2d 290, 293 [1984]). "The instrument also serves to protect an accused from double jeopardy by specifically identifying the alleged crime so that he or she cannot be charged with the crime again in a subsequent prosecution" (Sedlock, 8 NY3d at 538). "To satisfy these safeguards, there is no requirement that the accusatory instrument give an 'exact date and time' " (id., quoting Morris, 61 NY2d at 294). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
Here, the accusatory instrument, providing the "on or about" date of November 26, 2020, is sufficiently detailed to provide defendant with notice of the offense charged so that he can prepare a defense and not be tried twice for the same offense. A facially sufficient accusatory instrument is not rendered facially insufficient by the People's opening statement, as it is well settled that a court does "not look beyond its four corners (including supporting declarations appended thereto)" (People v Hardy, 35 NY3d 466, 475 [2020]; see CPL 100.15 [3]; 100.40 [1] [c]). A court must "not rely on external factors to create jurisdictional defects not evident from the face of the" accusatory instrument (People v Konieczny, 2 NY3d 569, 576 [2004]; see Slade, 37 NY3d at 136-137).
Accordingly, the order is reversed, defendant's motion to dismiss the inforamtion is denied, the information is reinstated, and the matter is remitted to the District Court for all further proceedings.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2023