People v Johnson (2024 NY Slip Op 51175(U))

[*1]

People v Johnson (Robert)

2024 NY Slip Op 51175(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-544 OR CR

The People of the State of New York, Respondent,
against
Robert Johnson, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel) for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Wallkill, Orange County (Patrick S. Owen, J.), rendered June 14, 2022. The judgment convicted defendant, upon a plea of guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated and the matter is remitted to the Justice Court for all further proceedings.
Defendant was charged by misdemeanor complaint with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). In court on June 14, 2022, defendant agreed to plead guilty to the charge of petit larceny in satisfaction of that accusatory instrument, as well as four others. The entirety of defendant's plea colloquy consisted of:
"THE COURT: How do you plead to petit larceny, a violation of Penal Law section 155.25, having committed that offense in the Town of Wallkill on October 23, 2021?
[DEFENDANT]: Guilty.
THE COURT: Did you admit on that date —— actually, yeah. Do you admit on that date in [*2]the Town of Wallkill you took property that did not belong to you, that had value, that you had no valid possessory interest in that property, and that you took it without the permission or consent of the owner?
[DEFENDANT]: [Inaudible].
THE COURT: Okay. I will accept your plea of guilty. Anyone want to be heard on sentencing other than what's been said thus far?
[DEFENSE COUNSEL]: No, thank you Your Honor.
[PROSECUTOR]: No, Your Honor.
THE COURT: [Defendant], I'm sentencing you to one year incarceration under the care and custody of the Orange County Sheriff."
On appeal, assigned counsel submitted an Anders brief (see Anders v California, 386 US 738 [1967]). Upon finding that the Anders brief was inadequate and that nonfrivolous issues existed, this court held the appeal in abeyance and new counsel was assigned to prosecute the appeal (People v Johnson, 78 Misc 3d 129[A], 2023 NY Slip Op 50291[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). New counsel has submitted a brief arguing, among other things, that the accusatory instrument is facially insufficient and that defendant's guilty plea was not knowing, intelligent, or voluntary.
"The paramount purpose of an accusatory instrument is to provide sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow defendant to prepare or conduct a defense" (People v Sedlock, 8 NY3d 535, 538 [2007], citing People v Morris, 61 NY2d 290, 293 [1984]). "The instrument also serves to protect an accused from double jeopardy by specifically identifying the alleged crime so that he or she cannot be charged with the crime again in a subsequent prosecution" (Sedlock, 8 NY3d at 538). "To satisfy these safeguards, there is no requirement that the accusatory instrument give an 'exact date and time' " (id., quoting Morris, 61 NY2d at 294). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
Here, the accusatory instrument, dated "10/5/21," alleged that, at a ShopRite located at 22 Lloyds Lane in the Town of Wallkill, defendant proceeded past all final points of sale without having paid for a sandwich and a Red Bull that he had placed under his sweatshirt. Although the accusatory instrument incorrectly states that the incident occurred on "10/23/21," the supporting deposition, voided receipt, and arrest record, all attached to the accusatory instrument, correctly indicate that the incident occurred on "9/23/21." Giving the accusatory instrument and supporting documents, "a fair and not overly restrictive or technical reading," as we must (id.), we find that the accusatory instrument is not rendered facially insufficient by the lone incorrect and, under the circumstances, impossible, date. The documents accompanying it, which, taken together, must be considered in determining the legal sufficiency of the accusatory instrument, make it clear to any reasonable reader that the statement that the incident occurred on "10/23/21" is a typographical error and, unlike the situation in People v Hardy (35 NY3d 466 [2020]), the correct date is set forth several times in the accompanying documents (see People v Brissett, 62 [*3]Misc 3d 149[A], 2019 NY Slip Op 50271[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, the misdemeanor complaint is facially sufficient as it is adequately detailed to provide defendant with notice of the offense charged so that he can prepare a defense and not be tried twice for the same offense (see Casey, 95 NY2d at 360).
Defendant's contention that his guilty plea was not entered knowingly, intelligently and voluntarily, "does not require preservation, because defendant pleaded guilty and was sentenced at the same proceeding. Thus, he had no opportunity to raise this issue in the court below by moving to withdraw his plea" (People v Guyette, 59 Misc 3d 128[A], 2018 NY Slip Op 50402[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], citing People v Conceicao, 26 NY3d 375, 381 [2015]). Here, there was virtually no plea allocution and "there was no affirmative showing on the record that defendant waived any of his constitutional rights" (Guyette, 2018 NY Slip Op 50402[U], *2; see Boykin v Alabama, 395 US 238 [1969]). "Thus, it was not established that his plea was entered into voluntarily, knowingly and intelligently" (Guyette, 2018 NY Slip Op 50402[U], *2). Consequently, the judgment of conviction must be reversed and the guilty plea vacated.
In view of the foregoing, defendant's remaining contentions need not be addressed.
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated and the matter is remitted to the Justice Court for all further proceedings.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024