People v Gavilanes (2025 NY Slip Op 50084(U))

[*1]

People v Gavilanes

2025 NY Slip Op 50084(U)

Decided on January 28, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 28, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Gavilanes, Defendant.

Docket No. CR-002132-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Mary Frances Roth)
For Mr. Gavilanes: The Legal Aid Society (by Raina Salvatore)

Wanda L. Licitra, J.

Pending before the court is a motion to dismiss alleging that the prosecution failed to file a valid information within the ninety-day C.P.L. § 30.30 readiness period. The motion asserts that the information fails at its most basic requirement: to provide fair notice of the location relevant to the prosecution's accusations.
On January 22, 2023, the prosecution filed an accusatory instrument stating that its allegations occurred at 108-70 Corona Avenue. On March 29, 2023, the prosecution converted the instrument to an information, (see C.P.L. § 170.65[1]), and filed a certificate of compliance that also alleged that the incident occurred at 108-70 Corona Avenue. On October 16, 2024—over a year after filing their accusatory instrument—the prosecution informed the defense for the first time that they would be alleging at trial that the incident occurred at 108-70 42nd Avenue. There is no dispute that this address is about ten blocks away, or about 0.7 miles, from the address previously alleged. One week after the prosecution's revelation, the defense raised this issue with the court and requested a motion schedule.
The defense argues that because the prosecution alleged a location that is different from the one they intend to elicit at trial, the information was facially insufficient and their statements of readiness illusory. The prosecution responds that the incident's location is not an element of any offense charged and therefore does not create a facial sufficiency problem. 
Both parties focus on the requirements of C.P.L. sections 100.40 and 100.15. Together, these statutes require an information to establish, with non-hearsay evidentiary allegations, each element of every offense charged. In many cases in which "facial sufficiency" arises, these statutes are the most relevant authorities.
But statutory requirements are not the only facial sufficiency rules applicable. "First and foremost," the "function" of a criminal accusatory instrument "is founded . . . on the notice requirement of section 6 of article I of our State Constitution and presumably that of the Sixth Amendment to the Federal Constitution as well." (See People v. Iannone, 45 NY2d 589, 594 [1978]). Fair notice requires that an information "reasonably serve the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation." (People v. Sedlock, 8 NY3d 535, 538 [2007]). Thus, an accusatory instrument "must provide a defendant with fair notice of the nature of the charges against them, including the time, manner, [*2]and location of the alleged conduct, in order to allow the defendant to prepare an adequate defense." (People v. Hunt, 227 AD3d 1482, 1483 [4th Dep't 2024]). "[I]n order to properly prepare for trial, the correct location of defendant's alleged actions must be conveyed in the information." (People v. Ramcharran, 61 Misc 3d 234, 238 [Crim. Ct., Queens County 2018] [Kirschner, J.]) "Reasonableness and fairness demand that the accusatory instrument state the [location] of the offense to the best of the People's knowledge, after a reasonably thorough investigation has been undertaken to ascertain such information." (See Sedlock, 8 NY3d at 538 [making the same point about providing fair notice of the time and date of an offense]).
Here, "the People, on the eve of trial, informed defendant for the first time of [a] new location[] at which he was alleged to have committed criminal acts." (Ramcharran, 61 Misc 3d at 238). "In this context, it is axiomatic that he was not provided with notice sufficient to prepare a defense." (Id.). The prosecution provides no reasonable explanation for why they alleged a different location in their accusatory instrument. They brand the difference as a "typographical error," but it is difficult to see how "Corona Avenue" could be a mere "typographical error" of "42nd Avenue." The prosecution is required to be "reasonably thorough" in alleging the location in an accusatory instrument, and this level of error does not demonstrate such thoroughness. (See Sedlock, 8 NY3d at 538). Moreover, "[n]ot until . . . after the case had been pending for nearly two years . . . did the People notify defendant that the incident allegedly occurred at a different location." (Ramcharran, 61 Misc 3d at 237). The information was therefore facially insufficient under constitutional principles.
Prosecutors cannot validly state ready for trial on an invalid instrument that does not meet the basic constitutional requirement of fair notice. Their readiness is only valid where they "have done all that is required of them to bring the case to a point where it may be tried." (People v. England, 84 NY2d 1, 4 [1994]). Filing an accusatory instrument that reasonably provides the time and location of its alleged conduct is amongst the most basic tasks that the prosecution must discharge before the case may be tried. An instrument that fails to do so is facially insufficient and a legal impediment to prosecution. (See Ramcharran, 61 Misc 3d at 238 [holding that the same defect made the prosecution's statements of readiness "illusory"]).
The prosecution commenced this case on January 22, 2023. They had ninety days after that date during which they could file a facially sufficient information and validly state ready. (See C.P.L. § 30.30[1][b]). As explained above, they failed to do so. It is now squarely the prosecution's burden to prove that any time within the first ninety days of this case "should be excluded" under C.P.L. § 30.30[4] and to provide the necessary evidence to prove their claims. (E.g., People v. Wearen, 98 AD3d 535, 537 [2d Dep't 2012]; see also People v. Session, 206 AD3d 1678, 1680 [4th Dep't 2022] ["[T]he People had the burden of establishing their entitlement to have any delay excluded from their readiness time."] [internal quotation marks omitted]; People v. Miller, 113 AD3d 885, 887 [3d Dep't 2014] ["[T]he burden is on the People to establish their entitlement to exclude any prereadiness delays from the calculation."]). Here, the prosecution fails to even allege—let alone prove up—any C.P.L. § 30.30[4] exclusions that would apply during that ninety-day period. Accordingly, the prosecution exhausted their readiness period, and this case must be dismissed.
The foregoing constitutes the order and decision of the court.
Dated: January 28, 2025
Queens, NY
Wanda L. Licitra, J.C.C.